UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STRYKER EMPLOYMENT COMPANY, LLC, and
HOWMEDICA OSTEONICS CORP.,

    Plaintiffs,

v.                                                        CASE No. 1:23-cv-221

                                                         HON. ROBERT J. JONKER

CARRIE HENDRICK,

    Defendant.

_____/

**ORDER**

Carrie Hendrick used to work for Stryker Employment Company, LLC ("Stryker"). She resigned on July 27, 2022. On October 31, 2022, Ms. Hendrick filed a lawsuit in Virginia State Court against the Stryker Corporation relating to her resignation and difficulties she has experienced in finding new employment, allegedly because of her former employer.[1] In December 2022, while investigating the allegations in the Virginia case, Stryker says it discovered that Ms. Hendrick took certain confidential materials with her when she resigned in contravention of the confidentiality provisions contained in Ms. Hendrick's employment contract with Stryker. Stryker was not satisfied with the informal attempts to recover its confidential data and receive assurances that Ms. Hendrick was not misusing it or giving it to Stryker's competitors.

---

[1] Stryker removed the lawsuit to federal court. *See Henrick v. Stryker Corp.*, No 7:22-cv-686 (W.D. Va. Nov. 30, 2022). The docket reflects an Answer by Stryker, but no counterclaim, no motion to dismiss, and no motion to transfer venue.

Stryker, and its parent organization Howmedica Osteonics Corp., filed this lawsuit in Kalamazoo County Circuit Court on February 10, 2023, seeking a TRO and Preliminary Injunction requiring Ms. Hendrick to abide by the confidentiality provisions of her employment agreement with Stryker; to return all Stryker property in her possession, to disclose the identity of any Stryker competitors that Ms. Hendrick has recently been in contact with, and other requested relief. It appears the State Court took no action on the motion. Ms. Hendrick removed the case to this Court on March 2, 2023, based on this Court's diversity jurisdiction.[2] The TRO motion appears as a pending, unnumbered docket entry.

The Court may not issue a temporary restraining order without written or oral notice to the adverse party or its attorney unless specific facts in an affidavit or verified complaint clearly show that irreparable injury will result before the adverse party can be heard in opposition and the moving party provides written certification of any efforts made to give notice and why notice should not be required. FED. R. CIV. P. 65(b)(1). "[T]he purpose of a TRO under Rule 65 is to

---

[2] The Court notes the record so far does not conclusively establish diversity of citizenship. Neither the removal notice, nor the State Court complaint, lists the members of the Stryker LLC. A party invoking this Court's diversity jurisdiction must state all parties' citizenship so that the court may confirm the existence of complete diversity. *Vaughn v. Holiday Inn Cleveland Coliseum*, 66 F. App'x 249, 250 (6th Cir. 2003) (citing *Chemical Leaman Tank Lines, Inc. v. Aetna Ca. & Sur. Co.*, 177 F.3d 210, 222 n.13 (3d Cir. 1999)). The citizenship of a corporation is both its place of incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1). The citizenship of a limited liability company, limited partnership or other unincorporated entity is the citizenship of each of its members. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 189 (1990); *V&M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010) ("[F]or purposes of determining diversity jurisdiction, a limited partnership is deemed to be a citizen of every state where its general and limited partners reside" (quoting *Hooper v. Wolfe*, 396 F.3d 744, 748 (6th Cir. 2005))); *Homfeld II, LLC v. Comair Holdings, Inc.*, 53 F. App'x 731, 732 (6th Cir. 2002) (citing *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998)); *Int'l Flavors & Textures, LLC v. Gardner*, 966 F. Supp. 552, 554-55 (W.D. Mich. 1997)). The removal papers do not allege the citizenship of the members of the LLC. As a result, the Court's jurisdiction is called into question.

preserve the status quo so that a reasoned resolution of a dispute may be had." *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 226 (6th Cir. 1996).

The defense is clearly on notice of the TRO motion and so there appears to be no reason for entering an Order before the defense can be heard.  Moreover, from a review of the papers at present, it appears to the Court that the overall dispute goes back at least to July of 2022 when Ms. Hendrick resigned from Stryker.  Stryker clearly could have acted, at that time, to see that its confidential information was secured.[3]  Stryker also says it discovered the theft of its confidential information in December 2022, but it did not bring this action until February 10, 2023.  Stryker points out that during at least part of that time, it was trying to negotiate an out-of-court resolution to the issue, but regardless the record does not demonstrate the sort of suddenly arising and now imminent harm necessary for the emergent relief of an *ex parte* TRO.

Providing time for the defendant to be heard is not likely to affect the relative balance of harms either, and it will undoubtedly improve the quality of decision making.  The Court is not making any finding as to the preliminary injunction factors at this point.  Rather, the Court is simply finding that *ex parte* TRO relief before the defendant can be heard is not warranted on this record.  The parties can and should continue their dialogue and work toward a solution if one can be reached.  If they are unable to do that and the Court has to resolve the emergent issues, it will obviously do so.  The following deadlines will apply until further order of the Court:

---

[3] If the allegations in the Virginia Complaint are taken as true, as early as August 2022 Ms. Hendrick's supervisors believed that the parting had not been a peaceful one.  The Complaint alleges that one of Ms. Hendrick's former supervisors communicated with Ms. Hendrick's potential employer and asserted that Ms. Hendrick had acted criminally before she left Stryker and "did everything but burn down the building." (See Compl. ¶ 50, Case No. 7:22-cv-686, Dkt. 11 (W.D. Va).

The defense shall file a response to Stryker's motion for emergent relief not later than **March 17, 2023**. This is no longer an *ex parte* TRO situation under Rule 65(b) because Ms. Hendrick has appeared. The Court will treat the Motion as one seeking a preliminary injunction. In addition to addressing the preliminary injunction factors, the defense brief should address whether complete diversity of citizenship exists in this matter. Stryker may file a reply not later than **March 24, 2023.**

The Court will schedule a hearing, if necessary, after reviewing the briefing. In the meantime, the normal rules of civil procedure, including the time for the defense to answer or respond, continue to apply.

**IT IS SO ORDERED.**


Dated:    March 3, 2023              /s/ Robert J. Jonker
                                     ROBERT J. JONKER
                                     UNITED STATES DISTRICT JUDGE