UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

**STRYKER EMPLOYMENT COMPANY,
LLC; AND HOWMEDICA OSTEONICS,
CORP.**

Case No. 1:23-cv-00221

    **PLAINTIFFS,**

Hon. Robert J. Jonker

-v-

**CARRIE HENDRICK**

    **DEFENDANT.**

---

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, Ms. Carrie Hendrick, submits her Answer to Plaintiffs Complaint.

1. Defendant denies the opinions and allegations expressed in the corresponding paragraph of the pleading because they are untrue.

**PARTIES, JURISDICTION, AND VENUE**

2. No allegation or contention is asserted in the corresponding paragraph of the Complaint, thus there is nothing for Defendant to admit or deny.

3. Defendant admits the allegations in the corresponding paragraph.

4. Defendant neither admits nor denies the allegations in the corresponding paragraph of the pleading because she is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore awaits proofs, if any, to prove the allegations.

5. Defendant admits she is a former employee of Stryker Employment Company, LLC, that she lives in Roanoke, Virginia, and on November 23, 2020 she signed the document identified as Exhibit A. Defendant neither admits nor denies the remaining allegations in the corresponding paragraph because to the extent the allegations purport to recite written documents, such documents are the best evidence and are self-evident.

6. Defendant neither admits nor denies the allegations in the corresponding paragraph because to the extent the allegations purport to recite written documents, such documents are the best evidence and are self-evident.

7. Defendant admits the allegations in the corresponding paragraph of the Complaint seeks relief in excess of $25,000.00, but denies that Plaintiff has damages in that amount or that Defendant is liable for any such damages.

8. Defendant neither admits nor denies the allegations in the corresponding paragraph of the Complaint because they constitute conclusions of law.

## GENERAL ALLEGATIONS

9. Defendant incorporates and realleges every answer stated in response to the preceding paragraphs as if stated and set forth here.

10. Defendant admits she was employed by Stryker Employment Company, LLC. Defendant neither admits nor denies the remaining allegations in the corresponding paragraph of the pleading because she is without knowledge or

information sufficient to form a belief as to the truth of those allegations and therefore awaits proofs, if any, to prove the allegations.

11. Defendant admits she worked as a manager for Stryker Employment Company, LLC. Defendant neither admits nor denies the remaining allegations in the corresponding paragraph of the pleading because she is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore awaits proofs, if any, to prove the allegations.

12. Defendant admits on November 23, 2020 that she signed the document identified by Plaintiff as the Agreement.

13. Defendant neither admits nor denies the allegations in the corresponding paragraph because to the extent the allegations purport to recite written documents, such documents are the best evidence and are self-evident. If Plaintiff's allegations contradict the referenced documents, the allegations are denied.

14. Defendant neither admits nor denies the allegations in the corresponding paragraph because to the extent the allegations purport to recite written documents, such documents are the best evidence and are self-evident. If Plaintiff's allegations contradict the referenced documents, the allegations are denied.

15. Defendant neither admits nor denies the allegations in the corresponding paragraph because to the extent the allegations purport to recite

written documents, such documents are the best evidence and are self-evident. If Plaintiff's allegations contradict the referenced documents, the allegations are denied.

16. Defendant neither admits nor denies the allegations in the corresponding paragraph because to the extent the allegations purport to recite written documents, such documents are the best evidence and are self-evident. If Plaintiff's allegations contradict the referenced documents, the allegations are denied.

17. Defendant neither admits nor denies the allegations in the corresponding paragraph because to the extent the allegations purport to recite written documents, such documents are the best evidence and are self-evident. If Plaintiff's allegations contradict the referenced documents, the allegations are denied.

18. Defendant neither admits nor denies the allegations in the corresponding paragraph because to the extent the allegations purport to recite written documents, such documents are the best evidence and are self-evident. If Plaintiff's allegations contradict the referenced documents, the allegations are denied.

19. Defendant denies the allegations in the corresponding paragraph of the pleading because they are untrue.

20. Defendant admits she had an employer provided email account and laptop. Defendant denies the remaining allegations in the corresponding paragraph of the pleading because they are untrue.

21. Defendant neither admits nor denies the allegations in the corresponding paragraph of the pleading because she is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore awaits proofs, if any, to prove the allegations.

22. Defendant admits she gave notice about her resignation around July 27, 2022.

23. Defendant neither admits nor denies the allegations in the corresponding paragraph of the pleading because she is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore awaits proofs, if any, to prove the allegations.  the allegations in the corresponding paragraph.

24. Defendant neither admits nor denies the allegations in the corresponding paragraph of the pleading because she is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore awaits proofs, if any, to prove the allegations.

25. Defendant denies she improperly accessed any files. Defendant neither admits nor denies the remaining allegations in the corresponding paragraph of the pleading because she is without knowledge or information sufficient to form a belief

as to the truth of those allegations and therefore awaits proofs, if any, to prove the allegations.

26. Defendant denies the allegations in the corresponding paragraph of the pleading because they are untrue.

27. Defendant neither admits nor denies the allegations in the corresponding paragraph of the pleading because she is without knowledge or information sufficient to form a belief as to the truth of those allegations or assumptions made by the affiant and therefore awaits proofs, if any, to prove the allegations.

28. Defendant neither admits nor denies the allegations in the corresponding paragraph of the pleading because she is without knowledge or information sufficient to form a belief as to the truth of those allegations or assumptions made by the affiant and therefore awaits proofs, if any, to prove the allegations. Defendant denies she improperly deleted files from the referenced laptop.

29. Defendant neither admits nor denies the allegations in the corresponding paragraph of the pleading because she is without knowledge or information sufficient to form a belief as to the truth of those allegations or assumptions made by the affiant and therefore awaits proofs, if any, to prove the allegations.

30. Defendant neither admits nor denies the allegations in the corresponding paragraph of the pleading because she is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore awaits proofs, if any, to prove the allegations. Defendant denies she improperly deleted files from the referenced laptop.

31. Defendant neither admits nor denies the allegations in the corresponding paragraph of the pleading because she is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore awaits proofs, if any, to prove the allegations.

32. Defendant neither admits nor denies the allegations in the corresponding paragraph of the pleading because she is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore awaits proofs, if any, to prove the allegations.

33. Defendant denies the allegations in the corresponding paragraph of the pleading because as alleged they are untrue.

34. Defendant denies the allegations in the corresponding paragraph of the pleading because as alleged they are untrue.

35. Defendant neither admits nor denies the allegations in the corresponding paragraph of the pleading because she is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore awaits proofs, if any, to prove the allegations.

36. Defendant neither admits nor denies the allegations in the corresponding paragraph of the pleading because she is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore awaits proofs, if any, to prove the allegations.

37. Defendant neither admits nor denies the allegations in the corresponding paragraph of the pleading because she is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore awaits proofs, if any, to prove the allegations.

38. Defendant denies the allegations in the corresponding paragraph of the pleading that she caused Plaintiff damages.

39. Plaintiff admits she resigned from her employment with Stryker Employment Company, LLC around July 27, 2022 and her last day of work was around July 29, 2022.

40. Defendant neither admits nor denies the allegations in the corresponding paragraph of the pleading because she is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore awaits proofs, if any, to prove the allegations.

41. Defendant neither admits nor denies the allegations in the corresponding paragraph of the pleading because she is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore awaits proofs, if any, to prove the allegations.

42. Defendant denies the allegations in the corresponding paragraph of the pleading because as alleged they are untrue.

43. Defendant denies the allegations in the corresponding paragraph of the pleading because as alleged they are untrue.

## COUNT I – BREACH OF CONTRACT

44. Defendant incorporates and realleges every answer stated in response to the preceding paragraphs as if stated and set forth here.

45. Defendant denies the allegations in the corresponding paragraph of the pleading because as alleged they are untrue.

46. Defendant denies the allegations in the corresponding paragraph of the pleading because as alleged they are untrue.

47. Defendant denies the allegations in the corresponding paragraph of the pleading because as alleged they are untrue.

48. Defendant denies the allegations in the corresponding paragraph of the pleading because as alleged they are untrue.

49. Defendant admits Stryker is requesting the recovery of its costs and attorney's fees, but denies it is entitled to such costs or fees.

## COUNT II – BREACH OF FIDUCIARY DUTY AND/OR DUTY OF LOYALTY

50. Defendant incorporates and realleges every answer stated in response to the preceding paragraphs as if stated and set forth here.

51. Defendant denies the allegations in the corresponding paragraph of the pleading because as alleged they are untrue.

52. Defendant denies the allegations in the corresponding paragraph of the pleading because as alleged they are untrue.

53. Defendant denies the allegations in the corresponding paragraph of the pleading because as alleged they are untrue.

54. Defendant denies the allegations in the corresponding paragraph of the pleading because as alleged they are untrue.

55. Defendant denies the allegations in the corresponding paragraph of the pleading because as alleged they are untrue.

## COUNT III – MISAPPROPRIATION OF TRADE SECRETS MICHIGAN UNIFORM TRADE SECRETS ACT, MCL 445.1901 ET SEQ.

56. Defendant incorporates and realleges every answer stated in response to the preceding paragraphs as if stated and set forth here.

57. Defendant denies the allegations in the corresponding paragraph of the pleading because as alleged they are untrue.

58. Defendant denies the allegations in the corresponding paragraph of the pleading because as alleged they are untrue.

59. Defendant denies the allegations in the corresponding paragraph of the pleading because as alleged they are untrue.

60.  Defendant denies the allegations in the corresponding paragraph of the pleading because as alleged they are untrue.

61.  Defendant denies the allegations in the corresponding paragraph of the pleading because as alleged they are untrue.

62.  Defendant denies the allegations in the corresponding paragraph of the pleading because as alleged they are untrue.

63.  Defendant neither admits nor denies the allegations in the corresponding paragraph of the pleading because she is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore awaits proofs, if any, to prove the allegations.

64.  Defendant denies the allegations in the corresponding paragraph of the pleading because as alleged they are untrue.

65.  Defendant denies the allegations in the corresponding paragraph of the pleading because as alleged they are untrue.

WHEREFORE, Defendant respectfully request that this Honorable Court dismiss the Complaint against Defendant in its entirety, deny Plaintiff its requested relief, and to enter Judgment in Defendant's favor along with awarding Defendant's actual costs and attorney fees, and any other relief as the premises permit.

Respectfully submitted,

/s/ Jason M. Shinn (P64453)     Dated: March 9, 2023
Counsel for Defendant

Carrie Hendrick
3080 Orchard Lake Rd., Suite C
Keego Harbor, MI 48320
jshinn@shinnlegal.com
P: 248-850-2290

## DEFENDANT'S AFFIRMATIVE DEFENSES

1. Plaintiffs have failed to state a claim upon which relief could be granted and the complaint should therefore be dismissed.

2. Plaintiffs' claims may be barred, in whole or in part, by the equitable doctrines of unclean hands, laches, waiver, estoppel, or wrongful conduct.

3. Plaintiffs' claims are barred because the contract and/or its non-compete provision involved with the Complaint are, overbroad, void, or unenforceable.

4. Plaintiffs' claims arise out of or relate to a previously filed lawsuit pending in Virginia and, therefore, this action should be transferred and dismissed.

5. Plaintiffs' claims may be barred by res judicata, collateral estoppel, or issue preclusion.

6. Plaintiffs' noncompete claims against Defendant are barred because Plaintiff seeks to prevent her from using general skill, personal knowledge, and intelligence acquired through experience and/or received in the course of employment.

7. Plaintiffs' breach of contract claims may be barred by a failure of consideration.

8. Plaintiffs' actions relevant to the Complaint constitute fair competition under Michigan law.

9. Plaintiffs' claims, in whole or in part, may be barred based on the

doctrine of detrimental reliance or equitable estoppel in that Plaintiff, through its various agents and employees at all relevant times knew about Defendant's business activities, encouraged those activities and lead Defendant to believe that her activities were appropriate and proper, and Defendant reasonably relied upon Plaintiffs' actions.

10. Even if there were some breaches of the applicable agreement or agreements, the breach and Defendant did not cause Plaintiff any damages.

11. All or some of the alleged breach of contract claims fail because they violate public policy as reflected in federal or Michigan law, including a contract in violation of public policy. See federal and Michigan antitrust law.

Respectfully submitted,

*/s/ Jason M. Shinn* (P64453)   Dated: March 9, 2023
Counsel for Defendant
Carrie Hendrick
3080 Orchard Lake Rd., Suite C
Keego Harbor, MI 48320
jshinn@shinnlegal.com
P: 248-850-2290

## CERTIFICATE OF SERVICE

The undersigned certifies this foregoing paper was electronically filed with the Clerk of the Court using its ECF system, which will send confirmation of such filing to counsel of record, with no counsel having opted out of such service.

*/s/ Jason M. Shinn*

Case 1:23-cv-00221-RJJ-RSK   ECF No. 9,  PageID.124   Filed 03/09/23   Page 15 of 15